# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MIKE SILVO A/K/A JAMES FARLOUGH** | **CIVIL ACTION** |
| **versus** | **NO. 09-3692** |
| **WARDEN BURL CAIN** | **SECTION: "C" (3)** |

## REPORT AND RECOMMENDATION

Petitioner, Mike Silvo a/k/a James Farlough, a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, filed the instant petition for relief pursuant to 28 U.S.C. § 2254. The matter has been referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

In 1995, petitioner was convicted of forgery in violation of Louisiana law. As his punishment in that proceeding, he was sentenced to pay a fine or, in the alternative, serve six months in jail if the fine was not paid. Years later, petitioner again ran afoul of the law and, on October 29, 1998, he was convicted of two counts of armed robbery in violation of Louisiana law. In that proceeding, the state alleged that petitioner was a third offender, citing the 1995 forgery conviction

and a 1992 conviction for possession of stolen property.[1]  After a hearing, he was in fact found to be a third offender and was sentenced as such to a term of life imprisonment.

On May 11, 2009, petitioner filed this federal *habeas corpus* application.  In support of his application, he claims that his 1995 forgery conviction was invalid because (1) his guilty plea was involuntary and (2) his appointed counsel was ineffective.  Because it plainly appears from the petition and attached exhibits that he is not entitled to relief for the following reasons, the instant petition should be dismissed without requiring a response from the state.  See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added).  Once a sentence imposed for a conviction has completely expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction.  Maleng v. Cook, 490 U.S. 488, 492 (1989).  Because petitioner is not in custody based on the 1995 conviction, this Court lacks subject matter jurisdiction to entertain a challenge to that conviction.  See Johnson v. Hubert, Civ. Action No. 08-688, 2008 WL 1746727, at *2 (E.D. La. Apr. 11, 2008).

However, *if* a petitioner is "in custody" for a subsequent conviction, and *if* the sentence imposed for that subsequent conviction was enhanced based on the prior conviction, *then* the *habeas corpus* petition alleging the invalidity of the prior conviction may be construed as a petition challenging the *subsequent* sentence.  In that circumstance, the custody requirement is met

---

[1] Rec. Doc. 1, Exhibit A, Multiple Bill of Information.

and the jurisdictional problem no longer exists. Maleng, 490 U.S. at 493-94. That scenario is present in this case. Therefore, out of an abundance of caution, and construing the instant petition "with the deference to which *pro se* litigants are entitled," see id. at 493, the Court will consider the instant petition as a challenge to the 1998 multiple offender adjudication and sentence. See Johnson, 2008 WL 1746727, at *2. Nevertheless, even when so considered, the petition is still subject to dismissal for at least three reasons.

First, petitioner previously challenged his 1998 convictions in a § 2254 petition filed in 2005. That petition was denied. Silvo v. Cain, Civ. Action No. 05-6362 (E.D. La. Aug. 11, 2006) (Berrigan, J.). The United States Fifth Circuit thereafter denied petitioner a certificate of appealability on the ground that his federal application was untimely filed. Silvo v. Cain, No. 06-30949 (5th Cir. Apr. 9, 2008), cert. denied, 129 S.Ct. 251 (2008), rehearing denied, 129 S.Ct. 979 (2009). In light of the foregoing, petitioner may not pursue another challenge to the 1998 convictions or sentences without first obtaining authorization from the United States Fifth Circuit Court of Appeals to file a second or successive application. See 28 U.S.C. § 2244.

Second, it is evident that any new challenge to the 1998 convictions or sentences would be time-barred. Because the 2005 federal challenge to those convictions was found to be untimely, this new challenge, which was filed years later, would necessarily also be untimely.

Third, in any event, the challenge to the 1998 multiple offender adjudication and sentence is foreclosed by Lackawanna County District Attorney v. Cross, 532 U.S. 394 (2001). In Lackawanna, the United States Supreme Court stated:

> [W]e hold that once a state conviction is no longer open to direct or
> collateral attack in its own right because the defendant failed to

> pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Id. at 403-04 (citation omitted).

Petitioner's 1995 forgery conviction is no longer open to direct or collateral attack, in that his sentence for that conviction has fully expired and his limitations period for any such attack ended long ago.[2] Therefore, Lackawanna clearly prohibits him from challenging his 1998 enhanced sentence in a § 2254 petition on the ground that the 1995 conviction was illegal.[3] See Johnson, 2008 WL 1746727, at *3.

---

[2] See Rec. Doc. 1, Exhibits B and C, State v. Farlough, No. 2008-K-0295 (La. App. 4th Cir. Apr. 10, 2008), writ denied, 999 So.2d 774 (La. 2009) (No. 2008-KH-1056).

[3] The Supreme Court noted that the Lackawanna prohibition would not apply when it is argued that the predicate conviction was unconstitutional because it was obtained where there was a failure to appoint counsel as required by Gideon v. Wainwright, 372 U.S. 335 (1963). Lackawanna, 532 U.S. at 404. That limited exception is inapplicable in this case. Petitioner's allegations in his federal application make clear that he was represented by appointed counsel in 1995 proceeding.
    The Supreme Court further noted that the Lackawanna prohibition may not apply if the federal *habeas corpus* petition is, effectively, the first and only forum available for review of the challenge to the prior conviction. Id. at 405; see also Flot v. Cain, Civ. Action No. 05-6439, 2007 WL 2491388, at *9 n.33 (E.D. La. Aug. 30, 2007). That potential exception is also inapplicable here. Louisiana law clearly allowed petitioner assert his claims in a timely state post-conviction application directly challenging the 1995 conviction. See La.C.Cr.P. art. 926 *et seq.* Petitioner also could have challenged the constitutionality of that conviction and its use to enhance his current sentence in the 1998 multiple offender hearing, see La.Rev.Stat.Ann, § 15:529.1(D)(1)(b), and in any related appeal.

Therefore, regardless of whether the instant federal petition is construed as a challenge to the 1995 conviction or to the 1998 multiple offender adjudication and sentence, it must be dismissed.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Mike Silvo a/k/a James Farlough be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourth day of September, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**